```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

                              :
A&R BODY SPECIALTY, ET AL     :
                              :
                              :
                              :
v.                            :   CIV. NO. 3:07CV929 (WWE)
                              :
PROGRESSIVE CASUALTY          :
INSURANCE CO. and             :
PROGRESSIVE DIRECT INSURANCE  :
CO.                           :
                              :
                              :
```

                     RULING ON PENDING MOTIONS

      Oral argument was held on January 5, 2012, on outstanding

discovery motions and issues.

1.    Plaintiffs' Motion to Quash Subpoenas **[Doc. #120]**

      Thomas Bivona, Sr.: Defendants may depose Mr. Bivona

concerning his role as an officer of ABAC and Progressive

activities of which he has personal knowledge.  Plaintiff's

Motion to Quash is **GRANTED** to the extent that defendants seek to

depose Mr. Bivona as a 30(b)(6) witness of an absentee class

plaintiff.

      John Shortell: Defendants may depose Mr. Shortell concerning

his role as an officer of ABAC, the preparation of the report

"Enough is Enough," including his research, and his personal

knowledge of Progressive activities.  Plaintiff's Motion to Quash

is **GRANTED** to the extent that defendants seek to depose Mr.

                                1

Shortell as a 30(b)(6) witness of an absentee class plaintiff.

All Pro Collision, Denya's Auto Body, Stanley's Auto Body and all Absentee Class Member Discovery: Defendants' requests for pre-certification discovery from All Pro Collision, Denya's Auto Body, Stanley's Auto Body and all absentee class members are **DENIED** on the current record. Defendants have not articulated a particularized need for the information to outweigh the burden at this stage of the litigation.

Accordingly, Plaintiffs' Motion to Quash Subpoenas **[Doc. #120]** is **GRANTED** in part and **DENIED** in part as set forth above.

2.   Plaintiffs' Motion to Quash Subpoenas **[Doc. #123]**

Plaintiffs' Motion to Quash Subpoenas **[Doc. #123]** of Attorney Eversman and Vehicle Information Services, Inc. is **GRANTED** on the current record on both procedural and substantive grounds.

3.   Plaintiffs' Motion to Preclude 30(b)(6) Deposition of
     Skrip's Auto Body **[Doc. #157]**

Plaintiff's Motion to Preclude a 30(b)(6) Deposition of Skrip's Auto Body **[Doc. #157]** is **GRANTED**. Skrip's Auto Body is no longer a named class plaintiff.  Defendants may depose Mr. Skrip concerning his role as an officer of ABAC and Progressive activities of which he has personal knowledge. Plaintiff's Motion to Preclude is **GRANTED** to the extent that defendants seek to depose Mr. Skrip as a 30(b)(6) witness of an absentee class

plaintiff.

4.   <u>Class Certification Briefing Schedule</u> **[Doc. #158]**

Based on their agreement with prior defense counsel, plaintiffs would seek to file their motion for class certification in August 2013, 60 days after fact and expert discovery is completed. Defendants seek a filing date of September 2012 but admit that this date is based on "guess work." "There is no set deadline by which a district court must act under Rule 23." 5 James Wm. Moore <u>Moore's Federal Practice</u> §23.81 (3d Ed. 2011).   The Court is mindful of Rule 23(c)(1)(A)'s direction that class certification should be determined at "an early practicable time" as well as the need to have sufficient information to conduct a "rigorous" analysis of the parties' positions.  The Court anticipates a schedule whereby, after the filing of the motion for certification, the parties assess what additional certification discovery is necessary to file their opposing and reply briefs, and propose it for the Court's approval.

Accordingly, plaintiffs will file their motion for class certification on or before **November 2, 2012**.  A status conference is scheduled for **November 16, 2012 at 2:00PM** at which time the defendants will articulate what additional discovery, if any, is necessary to respond to the motion. This may include proposed discovery of absentee class members directed at issues relevant

to class certification.  The Court will set a scheduling order
for class certification discovery and the filing of an opposition
brief and reply brief after the conference.

5.    Electronically Stored Information **[Doc. ##165, 167]**

Defendants' general request for ESI from the named class
plaintiffs A & R and the Family Garage entities is **GRANTED** as set
forth below. Defendants' request for ESI concerning labor rates
paid by other insurance companies to the named class plaintiffs
A & R and Family Garage, Inc., Family Auto Body, Family Towing,
Inc., Family Auto Sales, Inc., and Family Motor Poor, Inc.
("Family Garage" entities)  is **GRANTED**.  Defendants' request for
ESI discovery from absentee class plaintiffs is **DENIED** on the
current record.  At oral argument, counsel for defendants offered
to have a retained IT consultant collect ESI from A & R and the
Family Garage entities and post the ESI to a dedicated litigation
website that is confidential and password protected.  Plaintiffs
will review the collected ESI and raise any objections to the
disclosure of particular evidence or categories of evidence with
the Court. Material that is not objected to will be available to
defense counsel upon the Court's order, as will evidence as to
which plaintiffs' objections are overruled.

Accordingly, plaintiffs' Motion for Protective Order
Regarding Objections to defendants' Notice to Produce Documents,
Electronically Stored Information and Tangible Things dated July

18, 2011 **[Doc. #165]** and Defendants' Motion to Compel the Inspection of Plaintiffs' Electronically Stored Information **[Doc. #167]** are **GRANTED** in part and **DENIED** in part consistent with this ruling.

6.    Defendants' Request for ABAC's Financial Records

Plaintiffs' objection to defendants' request for ABAC's financial records, contained in defendants' Notice of Videotape Deposition dated July 8, 2011, is **SUSTAINED** on the current record and based on the representation of what information has already been provided to defendants. This ruling is without prejudice to renewal of the request after the depositions of current and former ABAC officers, if defendants can articulate a basis for further discovery.

7.    Discovery of Other Insurance Carriers

Defendants' request for labor rate information from A & R and the Family Garage entities is **GRANTED** consistent with the Court's ruling on ESI information. Discovery from absentee class members is **DENIED.**

8.    Advisory Ruling on Scope of Inspections

Inspections of the parties' premises will be conducted in a reasonable manner consistent with Fed. R. Civ. P. 34.  Mindful of the difficulty of ruling in the abstract the Court would find, for example, that plaintiffs may safeguard the personal identification information of customers including, but not

limited to, customer contact information and license plate numbers.  A Rule 34 inspection is not the equivalent of a search warrant but is limited by the "broad scope of examination permitted by Rule 26(b)." 7 James Wm. Moore et al, Moore's Federal Practice §34.15 (3d ed. 2011)  A party must be able to articulate a rationale connected to the issues at stake in the litigation, rather then speculation, if an objection is raised. Counsel are encouraged to contact the Court if an issue/objection arises during an inspection so that it may be resolved through a telephone call.

9.    Family Garage Entities

Defendants' request for discovery from Family Garage, Inc., Family Auto Body, Family Towing, Inc., Family Auto Sales, Inc., and Family Motor Poor, Inc. ("Family Garage" entities) is **GRANTED**.  Defendants' request for ESI discovery of the "Family Garage" entities is **GRANTED** consistent with the Court's ruling.

10.   Defendants' Request for A & R's Tax Returns

Defendants' Request for authorization to seek A & R's tax information from the IRS is **DENIED** on the current record. Defendants will depose the accountant(s) who prepared A & R's tax returns and may request copies of plaintiff's tax returns that are part of an accountant's files and have not previously been provided by the accountant.  This ruling is without prejudice to reconsideration upon a showing that the accountant's copies are

incomplete or inconsistent with copies previously produced by the plaintiff.

11.  Defendants' Privilege Log

Counsel will designate an attorney from each side who is familiar with the documents and privileges asserted to meet in person with the box of withheld documents and privilege log to discuss each document individually.  After this process is completed, if there are any remaining disputes, the parties may submit the disputed documents and privilege log to the Court for in camera review.  The Court may schedule a conference with the designated attorneys if necessary.

Case Management Conference Schedule

The next case management conference call will be held on January 19, 2012 at 1:00PM.  The parties will meet and confer and submit an agenda before the conference. Future telephone conferences are now scheduled for January 26, 2012 and February 2, 2012 both at 1:15PM

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the

district judge upon motion timely made.

SO ORDERED at Bridgeport this 9th day of January 2012.


_____/s/ _____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE