UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| A&R BODY SPECIALTY AND : | |
| COLLISION WORKS, INC., : | |
| FAMILY GARAGE, INC. and : | |
| THE AUTO BODY ASSOCIATION : | |
| OF CONNECTICUT on Behalf : | |
| of Themselves and all : | |
| Others Similarly Situated : | |
| : | |
| v. : | CIV. NO. 3:07CV929 (WWE) |
| : | |
| PROGRESSIVE CASUALTY : | |
| INSURANCE COMPANY and : | |
| PROGRESSIVE DIRECT INSURANCE : | |
| COMPANY : | |

RULING ON DEFENDANTS' MOTION FOR DISCLOSURE OF REPAIR AGREEMENTS

During a status conference on January 23, 2013, defendants renewed their request for copies of Family Garage's network repair agreements with Nationwide Mutual Insurance Company and The Hartford. The Repair Agreements were submitted to the Court on June 1, 2012, for in camera review. Thereafter, the Court ordered the production of the labor rates, over plaintiffs' relevance and confidentiality objection, but did not order production of the Repair Agreements. Defendants requested further categories of information from plaintiff by letter dated November 27, 2012.[1] When the parties could not resolve their

---

[1] In addition to labor rates, defendants request information

dispute regarding production of the repair agreements, defendants renewed their request with the Court.

Plaintiffs maintain their relevance objection in addition to seeking a protective order as the repair agreements which are subject to Confidentiality and Non-Disclosure Agreements. Defendants would agree to an Attorneys' Eyes Only restriction to the information and/or the repair agreements, in addition to the protective order that is in place for this case. Defendants contend that all of the information requested are categories of information that come directly from plaintiffs' complaint.

Defendants' renewed request for disclosure of the Nationwide and The Hartford Repair Agreements is **DENIED**. Defendants' request for certain categories of information is **GRANTED**. Family Garage will provide the requested information, for Attorneys' Eyes Only, within fourteen days to the extent that the information requested is a category of information contained in the Complaint.

---

regarding: the utilization of aftermarket or used parts; any provisions concerning the volume of work Family Garage will receive from The Hartford and Nationwide; any requirement that specific software be used to write estimates; parts discounts; protocols concerning supplements on vehicles; requirements that estimates and/or supplements be authorized or written by The Hartford or Nationwide; any provisions concerning guarantees on repairs completed by Family Garage; the monitoring and/or review of Family Garage repairs by The Hartford or Nationwide; any provisions requiring Family Garage provide its own guarantees on repairs; requirements that vehicles be appraised at Family Garage; and any other repair criteria dictated by The Hartford and Nationwide. Ward Let. 11/27/12.

CONCLUSION

Accordingly, defendant's Renewed Motion for Disclosure of Repair Agreements is **GRANTED** in part **and DENIED** in part in accordance with this ruling.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 12th day of April 2013.


\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE