```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


A&R BODY SPECIALTY AND           :
COLLISION WORKS, INC.,           :
FAMILY GARAGE, INC. and          :
THE AUTO BODY ASSOCIATION        :
OF CONNECTICUT on Behalf         :
of Themselves and all            :
Others Similarly Situated,       :
                                 :
                                 :
v.                               :    CIV. NO. 3:07CV929 (WWE)
                                 :
PROGRESSIVE CASUALTY             :
INSURANCE COMPANY and            :
PROGRESSIVE DIRECT INSURANCE     :
COMPANY.                         :
                                 :
                                 :
```

**RULING ON MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**
**[DOC. # 332]**

Non-party John M. Parese, general legal counsel to plaintiff, Auto Body Association of Connecticut, moves for an order quashing the subpoena served by defendants, Progressive Casualty Insurance Company and Progressive Direct Insurance Company ("Progressive"), and moves for a protective order. [Doc. # 332]. For the reasons that follow, the motion to quash and the motion for protective order are DENIED.

**Background**

This action is brought by plaintiffs, A&R Body Specialty, Family Garage and the Auto Body Association of Connecticut ("ABAC"), on behalf of themselves and all other licensed auto body repairers in the State of Connecticut who have performed repairs during the class period for any person with automobile insurance from Progressive. Plaintiffs allege that defendants

1

illegally suppressed labor rates paid to auto body repair shops and illegally steered their insured to a network of preferred body shops it controls under its direct repair program. In Counts I and II, plaintiffs seek recovery under the Connecticut Unfair Trade Practices Act ("CUTPA").  In Count III, plaintiffs seek to recover under the Connecticut Unfair Sales Practice Act, and in Count IV plaintiffs claim tortious interference with business expectancy. [Doc. # 172].

John Parese has been counsel for ABAC since 2007, and "has had communications with [ABAC] and its members about legal matters." [Doc. # 332, Mt. to Quash, at 2-3].  Mr. Parese has already produced 2,114 non-privileged documents pursuant to a subpoena <u>duces</u> <u>tecum</u>. [Doc. # 345-1, Kochis Aff., at ¶6]. Progressive now seeks to depose Mr. Parese pursuant to a subpoena <u>ad</u> <u>testificandum</u>. [Doc. # 345-5].  On October 17, 2013, the Court held a telephone conference on the record regarding the motion to quash.

**Legal Standard**

Parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Upon timely motion, a Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue

burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).

Notwithstanding the breadth of the discovery rules, the district courts are afforded discretion under Rule 26(c) to issue protective orders limiting the scope of discovery. Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) ("[t]he grant and nature of protection is singularly within the discretion of the district court..."). When the party seeking the protective order demonstrates good cause, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... that the disclosure or discovery not be had." Fed. R. Civ. P. 26(c)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Chamberlain v. Farmington Sav. Bank, 247 F.R.D. 288, 289 (D. Conn. 2007) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

**Discussion**

Mr. Parese argues that the Court should quash the subpoena and issue a protective order because the testimony sought by Progressive is not discoverable pursuant to the attorney-client privilege, work product doctrine, and protections afforded by Federal Rule of Civil Procedure 26(b)(4).  Progressive argues that Mr. Parese has not met his burden to quash the subpoena, that Progressive seeks relevant and non-privileged testimony, and that Progressive would be prejudiced if the Court grants the motion to quash.

After reviewing the parties' briefs, and having heard

argument during the October 17, 2013 telephone conference, the Court finds that Progressive seeks testimony that would not be protected by the attorney-client privilege or work product doctrine.  As discussed on the record, Progressive seeks areas of testimony that are not privileged, and highly probative of central issues in this case. For example, Progressive seeks information that is not in the already produced documents, such as what occurred during meetings between Mr. Parese and various regulatory agencies.  The Court further agrees with Progressive that Mr. Parese's sought testimony is highly relevant to this litigation, as demonstrated by the documents he produced relating to steering and suppression of labor rates.  The Court further accepts Progressive's position that it only seeks non-privileged testimony from Mr. Parese, and that it does not anticipate any privilege issues to arise.  As such, and based on the record before the Court, the motion to quash and for protective order [Doc. # 332] is DENIED.

Nevertheless, the Court urges the parties to ensure that protections are in place to prevent the disclosure of privileged information.  The Court suggests the parties coordinate the deposition of Mr. Parese to occur on a date when the Court is available to address objections, and/or to conduct the deposition at the courthouse.  As always, the parties may contact the Court for a telephone conference should any further disputes arise.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly

erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 14th day of November 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE