```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


A&R BODY SPECIALTY AND           :
COLLISION WORKS, INC.,           :
FAMILY GARAGE, INC. and          :
THE AUTO BODY ASSOCIATION        :
OF CONNECTICUT on Behalf         :
of Themselves and all            :
Others Similarly Situated,       :
                                 :
                                 :
v.                               :    CIV. NO. 3:07CV929 (WWE)
                                 :
PROGRESSIVE CASUALTY             :
INSURANCE COMPANY and            :
PROGRESSIVE DIRECT INSURANCE     :
COMPANY.                         :
```

### DISCOVERY RULING

Plaintiffs, A&R Body Specialty and Collision Works, Inc., Family Garage, Inc. and the Auto Body Association of Connecticut, on behalf of themselves and all others similarly situated, submitted a letter brief dated September 12, 2013, outlining various discovery disputes, and seeking various forms of relief. Defendants, Progressive Casualty Insurance Company and Progressive Direct Insurance Company, responded via letter brief dated November 5, 2013.

**I.     BACKGROUND**

This action is brought by plaintiffs, A&R Body Specialty, Family Garage and the Auto Body Association of Connecticut, on behalf of themselves and all other licensed auto body repairers in the State of Connecticut who have performed repairs during the class period for any person with automobile insurance from Progressive. Plaintiffs allege that defendants illegally

1

suppressed labor rates paid to auto body repair shops and illegally steered their insured to a network of preferred body shops it controls under its direct repair program. In Counts I and II, plaintiffs seek recovery under the Connecticut Unfair Trade Practices Act ("CUTPA"). In Count III, plaintiffs seek to recover under the Connecticut Unfair Sales Practice Act and in Count IV plaintiffs claim tortious interference with business expectancy. [Doc. #172].

## II. Discussion

### 1. Deposition Discovery

#### a. 30(b)(6) Depositions

Plaintiffs raise concerns with defendants' designation of 30(b)(6) witnesses. Plaintiffs allege that several of them, including Kelly Crowe, have displayed lack of knowledge about the topics for which the witnesses were designated. Plaintiffs seek an order requiring defendants to designate another 30(b)(6) witness in lieu of Kelly Crowe to testify about matters in the claims control department ("topic 2"). Defendants represent that they have agreed to produce Manishi Bhatt, an employee in Progressive's claims control department, as a second witness to testify regarding topic 2. Accordingly, in light of defendants' representation, plaintiff's request for an order requiring defendants to designate another witness under the March 12, 2013 deposition notice is DENIED AS MOOT. The parties shall confer and set a mutually agreeable date and time for Mr. Manishi's 30(b)(6) deposition.

Plaintiffs also contend that defendants' counsel has engaged in disruptive conduct by regularly objecting at 30(b)(6) depositions on the grounds that questions are outside the scope of the topics designated in the 30(b)(6) notices. Plaintiffs request that the Court instruct defendants' counsel "to refrain from objecting at the 30(b)(6) depositions on the grounds that questions may or may not be within the scope of designated topics, where the witnesses obviously have personal knowledge regarding the issues in the case."  Defendants argue that plaintiffs mischaracterize counsel's conduct, and that defendants' counsel never instructed a Progressive witness not to answer a question, or otherwise restricted testimony based on scope.  Defendants further contend that counsel is not only permitted to object to scope during a 30(b)(6) depositions, but has an obligation to do so under the Federal Rules of Civil Procedure.

Courts in the Second Circuit, and others, have recognized a party's right to object during a 30(b)(6) deposition where matters fall outside the scope of the 30(b)(6) notice. See, e.g., Meyer Corp. U.S. v. Alfay Designs, Inc., No. CV 2010 3647(CBA)(MDG), 2012 WL 3536987, at *5 (noting that a party "is permitted to object to a question as beyond the scope of the [30(b)(6)] notice in order to preserve for the record that the deponent is answering such a question in an individual, not corporate capacity[…].").  Indeed, "[a]n objection at the time of examination […] must be noted on the record, but the

examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). Although plaintiffs argue that "personal knowledge of the witness as employees… is corporate knowledge", plaintiffs fail to cite binding authority in support of this position.  In fact, courts in the Second Circuit have noted otherwise.  See, e.g., Falchenberg v. New York State Dep't of Ed., 642 F. Supp. 2d 156, 165 (S.D.N.Y. 2008) (citing cases) ("Questions and answers exceeding the scope of the 30(b)(6) notice will not bind the corporation, but are merely treated as the answers of the individual deponent."); Krasney v. Nationwide Mut. Ins. Co., No.3:06 CV 1164(JBA), 2007 WL 4365677, at *2 (D. Conn. Dec. 11, 2007)(quoting United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C.), aff'd, 166 F.R.D. 367 (M.D.N.C. 1996)) ("The testimony elicited at the Rule 30(b)(6) deposition represents knowledge of the corporation, not of the individual deponents.  The designated witness is speaking for the corporation, and this testimony must be distinguished from that of a mere corporate employee whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena.").

Accordingly, the Court declines to enter plaintiffs' requested instruction on the current record.  Nevertheless, defendants are reminded to use good faith in making such objections, and additionally to abide by the mandates of Rule 30(c)(2) that "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner."  Fed. R. Civ. P.

30(c)(2).  To the extent that defendants' objections are interfering with and/or obstructing the deposition, plaintiff may make an application to the Court for additional time in which to complete the 30(b)(6) depositions.  Additionally, the parties are encouraged to schedule such depositions at a time when the Court is available to address defendants' objections.

    b. <u>Incomplete Depositions</u>

Plaintiffs next seek the continued depositions of Christopher Marinan, Progressive's east zone PD process manager and former state manager for the State of Connecticut, and Chris Andreoli, claims process manager for corporate shop relations and customer choice.  Plaintiffs deposed Mr. Marinan and Mr. Andreoli for a single day each.  Plaintiffs seek an order compelling Mr. Marinan and Mr. Andreoli's appearance for a second day of depositions in light of these deponents' responsibilities, breadth of document production, and importance of topics for which they have knowledge. Defendants argue that plaintiffs' request should be denied because these witnesses have already testified for over seven hours, and because plaintiffs have not put forth sufficient evidence supporting the continuation of these depositions.  The Court will defer ruling on this request until it has been further briefed.  Accordingly, plaintiffs shall file a motion to compel the additional testimony of Mr. Marinan and Mr. Andreoli, to which defendants shall file a response.  Plaintiffs may file a reply to defendants' response.  Nevertheless, the parties are encouraged

to confer and attempt to resolve this issue without the need for further Court intervention.

    c. Obstructionist Conduct

Plaintiffs also allege that defendants' witnesses have engaged in obstructionist conduct, which has "thwarted plaintiffs' ability to obtain meaningful testimony on topics critical to the prosecution of Plaintiffs' case." Plaintiffs seek "[a]n order reaffirming that intentional lack of recollection, witnesses not responding to writings authored and/or received by them, and excessively lengthy review of documents all contribute to obstruction to the deposition process and said practices shall not continue in the matter." Defendants submit that plaintiffs' allegations are unsupported. Defendants also argue that where the majority of documents and business practices at issue are from 2007 to 2009, it is not unreasonable for a witness not to recall specifics from that time period. The Court declines to enter plaintiffs' requested order on the record before it. Again, to the extent that this alleged conduct is interfering with and/or obstructing the depositions, plaintiffs may make an application to the Court for additional time in which to complete these depositions. Additionally, the parties are encouraged to schedule these depositions at a time when the Court is available to address the any alleged improper conduct.

## 2. Supplementation of Document Production

Plaintiffs next seek an order requiring defendants to supplement its document production from July 31, 2011 through the present date. Plaintiffs contend that the evidence produced by defendants "has become stale", and that plaintiffs will be prejudiced if forced to rely on such stale documents at trial. Defendants object to plaintiffs' request on the grounds that plaintiffs have failed to offer justifiable grounds for the supplementation, and that supplemental production is unduly burdensome. Defendants further request that if the Court orders supplemental production, that plaintiffs bear the resulting costs. In light of the arguments of the parties, and defendants' representations with respect to its burden, the Court will require formal briefing on this issue. Accordingly, Plaintiffs shall file a motion to compel supplementation of document production. Defendants shall file a response thereto, to which plaintiffs may reply. Although the Court's requests may be falling on deaf ears, the parties are nevertheless again encouraged to confer and attempt to resolve this issue without the need of further Court intervention.

## 3. Third-Party Subpoenas

Plaintiffs next take issue with defendants' third-party discovery. As of plaintiffs' September 12, 2013 letter, defendants "served no less than 51 third-party subpoenas." Plaintiffs argue that these subpoenas "have little or nothing to do with the merits of the case, but rather have to do with

7

looking for alleged document deficiencies, character evidence relating to the named Plaintiffs, or into matters that are not related to the core issues of the case." Plaintiffs further argue that the numerous third-party subpoenas create an obvious burden on both plaintiffs and the third parties. Plaintiffs request that for each outstanding subpoena, the Court requires defendants to make a proffer of the reasons for the subpoenaed materials before permitting any further discovery to take place regarding these subpoenas. Defendants argue that plaintiffs do not have standing to make such a request. Defendants further argue that the third-party subpoenas "relate to central issues in this litigation and key Progressive defenses."

At present, and from the information provided to the Court, seventeen (17) third-party subpoenas remain outstanding. Although the Court is mindful of the extensive discovery conducted to date, as well as the difficulties encountered during the course of discovery, the Court will not limit defendants' use of third party subpoenas on the present record. Plaintiffs have failed to articulate the extent of their claimed burden with respect to the outstanding subpoenas, which would justify the entry of the requested order. Additionally, plaintiffs do not have standing to object to the third-party subpoenas unless plaintiffs have a personal right or privilege regarding the subject matter of subpoenas. Lanford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have

8

standing to object to a subpoena directed to a non-party witness.").

Should any of the third-parties object to the subpoenas, they are of course free to file a motion for protective order and/or motion to quash. Plaintiffs too may file these motion(s) to the extent that plaintiffs' have a personal right or privilege regarding the subject matter of the outstanding subpoenas.

**4. Kehmna, Connecticut Insurance Association Discovery**

Finally, plaintiffs seek guidance related to the issues raised with respect to plaintiffs' subpoenas issued to third-parties Robert Kehmna and the Connecticut Insurance Association. The Court finds plaintiffs' request MOOT in light of the Court's prior rulings on these issues. [See Doc. ## 363-364].

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 26th day of November, 2013.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

9