UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| A&R BODY SPECIALTY AND | : | |
| COLLISION WORKS, INC., | : | |
| FAMILY GARAGE, INC. and | : | |
| THE AUTO BODY ASSOCIATION | : | |
| OF CONNECTICUT on Behalf | : | |
| of Themselves and all | : | |
| Others Similarly Situated, | : | |
| | : | |
| | : | |
| v. | : | CIV. NO. 3:07CV929 (WWE) |
| | : | |
| PROGRESSIVE CASUALTY | : | |
| INSURANCE COMPANY and | : | |
| PROGRESSIVE DIRECT INSURANCE | : | |
| COMPANY. | : | |
| | : | |

**RULING ON DEFENDANTS' MOTION TO QUASH SUBPOENAS SERVED ON ABSENTEE CLASS MEMBERS [DOC. #355]**

Defendants, Progressive Casualty Insurance Company and Progressive Direct Insurance Company ("Progressive"), move for an order quashing five (5) subpoenas <u>duces</u> <u>tecum</u> issued by plaintiffs, A&R Body Specialty, Family Garage and the Auto Body Association of Connecticut, on behalf of themselves and all others similarly situated ("plaintiffs"), to non-party auto body shops. [Doc. #355]. For the reasons that follow, the motion to quash [Doc. #355] is DENIED.

**Background**

This action is brought by plaintiffs, A&R Body Specialty, Family Garage and the Auto Body Association of Connecticut, on behalf of themselves and all other licensed auto body repairers in the State of Connecticut who have performed repairs during the class period for any person with automobile insurance from Progressive.  Plaintiffs allege that defendants illegally

1

suppressed labor rates paid to auto body repair shops and illegally steered their insureds to a network of preferred body shops Progressive controls under its direct repair program. In Counts I and II, plaintiffs seek recovery under the Connecticut Unfair Trade Practices Act ("CUTPA").  In Count III, plaintiffs seek to recover under the Connecticut Unfair Sales Practice Act, and in Count IV plaintiffs claim tortious interference with business expectancy. [Doc. # 172].

On September 27, 2013, plaintiffs issued five (5) subpoenas duces tecum to Rich Gravel's Automotive Collision Repair, Inc., Durable Radiator and Auto Body[1], Carstar of East Hartford, Barillaro Collision, and Mike's Auto Body Shop, LLC.[2] [Doc. #355-4]. The subpoenas each seek production of fifteen (15)[3] categories of documents including, inter alia, documents reflecting payments received from Progressive, documents evidencing participation in Progressive's Network Repair Program, repair standards and guidelines used by the non-party auto body shops, and the non-party auto body shops' repair files. [Id.].

**Legal Standard**

"Pursuant to Rule 45, any party may serve a subpoena

---

[1] Plaintiffs have agreed to withdraw the subpoena to Durable Radiator and Auto Body based on representations that Durable Radiator and Auto Body has not participated in Progressive's Network Repair Program at any point during the class period. [Doc. #360, at n. 1].

[2] Progressive refers to the subpoenaed auto body shops as "absentee class members".  The parties dispute whether these auto body shops are members of the absentee class.  For purposes of this ruling, the Court will refer to the subpoenaed auto body shops as the "non-party auto body shops".

[3] The subpoenas only reflect fifteen (15) substantive requests, although sixteen (16) are listed. [Doc. #355-4].

commanding a nonparty 'to attend and testify' or to 'produce designated documents.'"  <u>Weinstein v. University of Connecticut</u>, Civ. No. 3:11CV1906(WWE), 2012 WL 3443340, at *2 (D. Conn. Aug. 15, 2012) (quoting  Fed. R. Civ. P. 45(a)(1)(A)(iii)). Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b). <u>See</u> Fed. R. Civ. P. 45 Advisory Committee Notes to 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"); Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending litigation.).  Upon timely motion, a Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).

**<u>Discussion</u>**

Progressive moves to quash the subpoenas on the grounds that the subpoenas violate this Court's January 9, 2012 Ruling and Order on pending discovery motions and issues ("January 9, 2012 Ruling"), are unduly burdensome, and intended to harass the non-party auto body shops.  Plaintiffs argue that Progressive lacks standing to challenge the subpoenas, that the non-party auto body shops are not absentee class members, and that the subpoenas do not impose an undue burden.  The Court will first address the standing argument.

Plaintiffs argue that Progressive lacks standing to object to the non-party subpoenas because Progressive "ha[s] not, and

cannot, assert any claim of privilege sufficient to support standing to quash these subpoenas[…]." [Doc. #360, at 5]. Progressive argues in their Reply that "[p]laintiffs have filed at least two successful motions to quash for individuals and entities they had no standing to advocate for. The Court granted these motions, over Progressive's objections, despite parallel standing issues in Progressive's instant motion." [Doc. #368, at 4].

As this Court previously noted in Weinstein, "[o]rdinarily, a party does not have standing to move to quash a subpoena served on a third party. Rather, only the person or entity to whom a subpoena is directed has standing to file a motion to quash." Weinstein, 2012 WL 3443340, at *2 (citing Jacobs v. Connecticut Cmty. Technical Coll., 258 F.R.D. 192, 194-95 (D. Conn. 2009) (citations omitted); 9a Federal Practice and Procedure § 2463.1 ("A motion to quash, or for a protective order, should be made by the person from whom the documents, things or electronically stored information are requested.")). Numerous courts, including this one, "have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena." Weinstein, 2012 WL 3443340, at *2 (quoting 9a Federal Practice and Procedure § 2463.1; compiling cases). Examples of such personal rights or privileges include the "personal privacy right and privilege with respect to the information contained in [] psychiatric and mental health records", Jacobs, 258 F.R.D. at 195, claims of

4

attorney-client privilege, <u>Lanford v. Chrysler Motors Corp.</u>, 513 F.2d 1121, 1126 (2d Cir. 1975), and other privacy interests, including those relating to salary information and personnel records. <u>Chamberlain v. Farmington Sav. Bank</u>, Civil No. 3:06CV01437 (CFD)(TPS), 2007 WL 2786421, (D. Conn. Sept. 25, 2007); <u>EEOC v. 704 HTL Operating, LLC</u>, Civil No. 11-845 BB/LFG, 2012 WL 1216142, *2 (D.N.M. Dec. 3, 2012).

Progressive fails to articulate any personal rights or privileges to the information sought in the subpoenas. The Court's review of subpoenas also fails to reveal that any recognized personal rights or privileges may be implicated by the production sought. The law is well settled that Progressive, as a party, lacks standing to challenge the non-party subpoenas on the basis of burden. <u>Universitas Educ., LLC v. Nova Group, Inc.</u>, No. 11 Civ. 1509(LTS)(HPB), 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)(citing cases) ("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."). Accordingly, and based on the authority above, the Court finds that Progressive lacks the requisite standing to challenge the subpoenas.

Nevertheless, the Court will also address Progressive's argument that the Court granted plaintiffs' prior motions to quash "despite parallel standing issues." [Doc. #368, at 4].[4] The January 9, 2012 Ruling addresses various discovery motions and issues, including two motions to quash filed by plaintiffs.

_____

[4] Progressive cites to the January 9, 2012 Ruling, specifically those parts addressing plaintiffs' motion to quash subpoenas served on Erica Eversman and Vehicle Information Services, Inc., and plaintiffs' motion to quash subpoenas served on absentee class members. [Doc. #368, at 4].

[Doc. #187].  Plaintiffs' first motion sought to quash multiple subpoenas served by Progressive on absentee class members. [Doc. #120].  Progressive opposed plaintiffs' motion. [Doc. #131]. Progressive argued, in part, that the subpoenaed entities failed to demonstrate that they were absentee class members, and accordingly were not entitled to greater protections in the discovery process. [Doc. #131, at 11].  Additionally, Progressive argued that if the Court found that the subpoenaed entities were not members of the absentee class, then plaintiffs had no standing to claim undue burden. [Id.].  Plaintiffs replied, in part, that "[p]laintiffs' counsel has repeatedly notified [d]efendants' counsel that the undersigned [c]ounsel represents all class members (both named and absent) and that the noticed Absentee Class Members here are in fact putative class members." [Doc. #137, at n.1].

Plaintiffs also moved to quash subpoenas served on Erica Eversman and her business, Vehicle Information Services, Inc. [Doc. #123].  Plaintiffs argued that the subpoenas sought production of information protected by the attorney-client privilege[5], and posed an undue burden. [Doc. #124, at 6]. Progressive opposed this motion and argued, in pertinent part, that the motion was improperly brought by plaintiffs who lack standing to challenge non-party subpoenas on the basis of burden. [Doc. #133, at 13].

The Court held oral argument on plaintiffs' motions to quash on January 5, 2012. [Doc. #186; Doc. #202, Hr'g Tr., Jan.

---

[5] Plaintiffs asserted that Ms. Eversman had been counsel for the Auto Body Association of Connecticut since as early as 2003. [Doc. #124, at 6].

5, 2012, 81:22-25-101:1-17].   The Court granted in part
plaintiffs' motion to quash subpoenas served on absentee class
members [Doc. #120]:

> All Pro Collision, Denya's Auto Body, Stanley's
> Auto Body and all Absentee Class Member
> Discovery: Defendants' requests for pre-
> certification discovery from All Pro Collision,
> Denya's Auto Body, Stanley's Auto Body, and all
> absentee class members are **DENIED** on the current
> record.  Defendants have not articulated a
> particularized need for the information to
> outweigh the burden at this stage of the
> litigation.  Accordingly, Plaintiffs' Motion to
> Quash Subpoenas **[Doc. #120]** is **GRANTED** in part
> and **DENIED** in part as set forth above."

[Doc. #187, at 2] (emphasis in original).  The Court also
granted plaintiffs' motion to quash subpoenas directed to Erica
Eversman and Vehicle Information Services, Inc. "on the current
record on both procedural and substantive grounds." [Id.].

Progressive's argument that the Court granted these two
motions "despite the parallel standing issues in Progressive's
instant motion" is erroneous.  As to plaintiffs' first motion to
quash [Doc. #120], it is clear that standing was not an issue,
where the Court's January 9, 2012 ruling contemplates that the
subpoenaed entities were absentee class members.  There is no
basis to argue that plaintiffs would not have standing to bring
a motion to quash on behalf of absentee class members,
particularly in light of plaintiffs' assertions that it
represented all class members, both named and unnamed. [Doc.
#137, at n.1].  Indeed, other courts have granted discovery
motions brought by plaintiffs on behalf of absentee class
members. See, e.g., Redmond v. Moody's Investor Serv., 92 CIV.

9161 (WK), 1995 WL 276150 (S.D.N.Y. May 10, 1995)(limiting discovery of the absent class members on plaintiffs' motion for protective order). Here, by contrast, Progressive seeks to quash subpoenas on alleged absentee class members, a group which, if in fact members of the absentee class, would have adverse interests to Progressive. As such, Progressive's argument that there are "parallel standing issues" is clearly flawed.

Progressive's arguments implicating plaintiffs' second motion to quash [Doc. #123] are likewise flawed. There, plaintiffs' motion was premised, in part, on plaintiffs' assertion of attorney-client privilege. Although the motion also raised procedural and burden grounds, counsels' arguments at the January 5, 2012 hearing focused on Ms. Eversman's role as attorney for the Auto Body Association of Connecticut, and the information she could offer. [Hr'g Tr., Jan. 5, 2012, 83:11-24; 90:10-18, 21-25; 91:1-25; 92:1-25; 93:1-25]. Accordingly, Progressive's current motion to quash does not present parallel standing issues. Plaintiffs had standing to challenge the subpoenas issued to Ms. Eversman and Vehicle Information Services, Inc. on the basis of privilege.

Because the Court finds that Progressive lacks standing to challenge the subpoenas at issue, the Court need not address the parties' remaining arguments.

## Conclusion

Therefore, based on the foregoing, Progressive's Motion to Quash Subpoenas Served on Absentee Class Members [Doc. #355] is

DENIED.  If any of the non-party auto body shops objects to plaintiffs' subpoenas, it may seek appropriate relief from the Court.  In that regard, the parties and non-parties are encouraged to contact the Court for a telephone conference prior to filing any additional motions on this issue.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 12th day of December 2013.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE