**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| A&R BODY SPECIALTY, FAMILY GARAGE | : | |
| and THE AUTO BODY ASSOCIATION | : | |
| OF CONNECTICUT on behalf of themselves | : | |
| and all others similarly situated, | : | |
|       Plaintiffs, | : | |
| | : | |
| v. | : | 3:07-cv-0929 (WWE) |
| | : | |
| PROGRESSIVE CASUALTY INSURANCE | : | |
| COMPANY and PROGRESSIVE DIRECT | : | |
| INSURANCE COMPANY, | : | |
|       Defendants. | : | |

**<u>MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS</u>**

In this action plaintiffs, A&R Body Specialty, Family Garage and the Auto Body Association of Connecticut, on behalf of themselves as well as all others similarly situated, allege that the defendants Progressive Casualty Insurance Company and Progressive Direct Insurance Company violated the Connecticut Unfair Sales Practices Act ("CUSPA"), Connecticut Unfair Trade Practices Act ("CUTPA"), tortiously interfered with business expectancies, and were unjustly enriched through their actions. Plaintiffs assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).

Defendants have filed an answer and assert counterclaims that allege unjust enrichment against Family Garage. Plaintiff Family Garage now moves to dismiss the counterclaims for lack of supplemental jurisdiction and for failure to state a claim.[1]  For the following reasons, the Court will grant the motion to dismiss the counterclaims.

---

[1]Defendants cannot argue that the Court has diversity jurisdiction over the counterclaims because they lack the requisite amount in controversy.

1

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the Court accepts all allegations of the complaint and counterclaims as true.  The Court assumes familiarity and incorporates herein the allegations of the complaint as described by this Court's prior ruling on defendants' motion to dismiss.

Plaintiffs A&R Body Specialty and Family Garage are automobile physical damage repair shops licensed in Connecticut that have performed repairs on automobiles insured under defendants' policies.  They assert that they have been paid unreasonably low labor rates by defendants and that defendants have improperly steered business away from them.

Defendants are nationwide insurers selling automobile insurance to Connecticut residents.  Defendants allegedly have a contractual relationship with a series of Direct Repair Program ("DRPs") shops, in-house appraisers and claims handlers; encourage their insureds and claimants to utilize the repair services of the DRPs because DRPs agree to charge defendants rates set by defendants pursuant to a contract; and inform their insureds and claimants, <u>inter alia</u>, that they will not conduct business with non-DRP shops and that a claim may not get paid if performed by a non-DRP.

Defendants allege that Family Garage has violated certain Department of Motor Vehicle ("DMV") regulations concerning permissible towing charges for "nonconsensual towing or transportation."  Defendants assert that Family Garage is violating such regulations and has been unjustly enriched by charging fees for releasing a vehicle to Progressive insureds or claimants.

In December 2006, defendants filed a complaint with the DMV about Family

2

Garage's towing practices.  The DMV ordered Family Garage to pay Progressive $798

in restitution and a civil penalty of $250.  Defendants have not received that restitution

ordered by the DMV.  Defendants assert that Family Garage was unjustly enriched by

charging such fees on eight different occasions between 2006 and 2008.   In the Ninth

Counterclaim, defendants allege that "Family Garage knowingly and intentionally

charged improper, illegal and unauthorized fees," including such towing fees, to other of

their insureds and claimants.

## DISCUSSION

The existence of subject matter jurisdiction is a threshold inquiry and a claim is

properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1) when the district court lacks the statutory or constitutional power to

adjudicate it.  Morrison v. National Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir.

2008).  The party asserting subject matter jurisdiction has the burden of proving by a

preponderance of the evidence that it exists.  Makarova v. United States, 201 F.3d 110,

113 (2d Cir. 2000).

The function of a motion to dismiss is "merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which might be offered in support

thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779

(2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all

well-pleaded allegations as true and draw all reasonable inferences in favor of the

pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint or counterclaim must

contain the grounds upon which the claim rests through factual allegations sufficient "to

raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007).  The pleader is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Supplemental Jurisdiction

Family Garage argues that the counterclaims should be dismissed for lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  A district court may decline to exercise jurisdiction over a supplemental claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the original jurisdiction claims; the district court has dismissed the federal jurisdiction claims; or in the exceptional case, there is another compelling reason for declining jurisdiction.  28 U.S.C.§ 1367(c).

Supplemental jurisdiction of the towing fee claims is not appropriate under either the broad Article III "loose factual connection" standard articulated by Jones v. Ford Motor Credit Co., 358 F.3d 205, 212 (2d Cir. 2004) or the traditional "common nucleus of operative fact" standard applied in Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 308 (2d Cir. 2004).   Plaintiffs' complaint concerns defendants' conduct in setting labor rates and steering customers to defendants' network shops that violates state insurance regulations.  The counterclaims at issue concern improper charges imposed upon defendants' insureds and claimants, which charges may violate DMV regulations.  The counterclaims lack even a loose connection or a common nucleus of

4

fact with the diversity action filed by plaintiffs.

However, even if supplemental jurisdiction is appropriate, the Court will exercise its discretion under Section 1367(c)(1) and (4) to decline jurisdiction. First, the determination of whether Family Garage violated DMV regulation would require the Federal Court to interpret state agency regulations, which could raise a novel issue of state law.

Secondly, this case has presented an arduous discovery process that has mired its progress. The issue of class certification still requires briefing and a court determination despite the fact that the case was filed seven years ago. Supplemental jurisdiction of the counterclaims will only hinder the resolution of the diversity claims and will not provide efficient adjudication of defendants' unjust enrichment claims. Further, defendants can pursue their unjust enrichment claims through state venues. Accordingly, the interests of justice and exceptional circumstances warrant the Court's declination of supplemental jurisdiction.

The Court need not consider whether defendant has stated plausible or timely unjust enrichment claims because it will decline to exercise supplemental jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss (doc. # 288). The Court finds that it lacks supplemental jurisdiction over the counterclaims, or in the alternative, declines to exercise supplemental jurisdiction over such

counterclaims.  Defendants' counterclaims against Family Garage are DISMISSED

WITHOUT PREJUDICE.

      Dated at Bridgeport, Connecticut, this 13th day of January 2014.

                                      _____/s/_____

                                        Warren W. Eginton
                                        Senior United States District Judge