```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


A&R BODY SPECIALTY AND            :
COLLISION WORKS, INC.,            :
FAMILY GARAGE, INC. and           :
THE AUTO BODY ASSOCIATION         :
OF CONNECTICUT on Behalf          :
of Themselves and all             :
Others Similarly Situated,        :
                                  :
                                  :
v.                                :    CIV. NO. 3:07CV929 (WWE)
                                  :
PROGRESSIVE CASUALTY              :
INSURANCE COMPANY and             :
PROGRESSIVE DIRECT INSURANCE      :
COMPANY.                          :
                                  :
                                  :
```

DISCOVERY RULING

Plaintiffs A&R Body Specialty and Collision Works, Inc., Family Garage, Inc. and the Auto Body Association of Connecticut ("ABAC"), on behalf of themselves and all others similarly situated ("plaintiffs"), have submitted for an in camera review seventeen (17) documents that have been redacted and/or withheld based on claims of the attorney-client privilege.  The Court has conducted an in camera review of the documents at issue, and for the reasons that follow, the Court overrules in part and sustains in part the assertions of the attorney-client privilege.

I.   **LEGAL STANDARD**

  A. **Attorney-Client Privilege**

The attorney-client privilege protects confidential communications between client and counsel made for the purpose

1

of obtaining or providing legal assistance. <u>United States v. Constr. Prods. Research, Inc.</u>, 73 F.3d 464, 473 (2d Cir. 1996). The Court construes the privilege narrowly because it renders relevant information undiscoverable; we apply it "only where necessary to achieve its purpose." <u>Fisher v. United States</u>, 425 U.S. 391, 403 (1976); <u>see</u> <u>In re Grand Jury Investigation</u>, 399 F.3d 527, 531 (2d Cir. 2005). The burden of establishing the applicability of the privilege rests with the party invoking it. <u>In re Grand Jury Proceedings</u>, 219 F.3d 175, 182 (2d Cir. 2000); <u>United States v. Int'l Bd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO</u>, 119 F.3d 210, 214 (2d Cir. 1997).

The Court uses a three-pronged standard for determining the legitimacy of an attorney-client privilege claim. A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice. <u>In re County of Erie</u>, 473 F.3d 413, 419 (2d Cir. 2007); <u>Constr. Prods. Research, Inc.</u>, 73 F.3d at 473.

   B. **Attorneys Acting as Lobbyists**

"The fact that a lawyer occasionally acts as a lobbyist does not preclude the lawyer from acting as a lobbyist and having privileged communications with a client who is seeking legal advice." <u>In re Grand Jury Subpoenas</u>, 179 F. Supp. 2d 270, 285 (S.D.N.Y. 2001). However, "if a lawyer happens to act as a

2

lobbyist, matters conveyed to the attorney for the purpose of having the attorney fulfill the lobbyist role do not become privileged by virtue of the fact that the lobbyist has a law degree or may under other circumstances give legal advice on matters that may also be the subject of the lobbying efforts." Id. (quoting Edna Selan Epstein, The Attorney-Client Privilege & the Work Product Doctrine 239 (2001)); see also U.S. Postal Serv. v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 164 (E.D.N.Y. 1994) ("Lobbying conducted by attorneys does not necessarily constitute legal services for purposes of the attorney-client privilege."). Moreover, "Summaries of legislative meetings, progress reports, and general updates on lobbying activities do not constitute legal advice and, therefore, are not protected by the work-product immunity." P. & B. Marina, Ltd. P'ship v. Logrande, 136 F.R.D. 50, 59 (E.D.N.Y. 1991). "If a lawyer who is also a lobbyist gives advice that requires legal analysis of legislation, such as interpretation or application of the legislation to fact scenarios, that is certainly the type of communication that the privilege is meant to protect." Robinson v. Texas Auto. Dealers Ass'n, 214 F.R.D. 432, 446 (E.D. Tex. 2003), *vacated in other part*, No.03-10860, 2003 WL 21911333, at *1 (5th Cir. July 25, 2003); see also Weissman v. Fruchtman, No. 83 Civ. 8958 (PKL), 1986 WL 15669, at *15 (S.D.N.Y. Oct. 31, 1986) (finding attorney-client privilege properly invoked where client sought legal advice on pending legislation).

**II. DISCUSSION**

   **A. Challenged Documents from Plaintiffs' Privilege Log**

      **1. Documents 1 and 2**

The Court finds that document 1 (AUTOBODY-05461-05462) is protected by the attorney-client privilege because it provides confidential legal advice to the Auto Body Association of Connecticut's members.

Document 2 (WFP002) is not protected by the attorney-client privilege because it contemplates disclosure of its contents to a third party. In fact, the correspondence from Attorney Neigher provides talking points for use by the ABAC spokesman. See In Re Bulow, 828 F.2d 94, 102 (2d Cir. 1987) (noting a Second Circuit decision that held a conversation "was not privileged because it was not intended to be confidential, but was meant to be passed on to third parties."). Therefore, plaintiffs shall produce a copy of document 2.

      **2. Documents 3 through 6**

Documents 3 (WFP0005), 4 (WFP0006), 5 (WFP0007), and 6(WFP0008) reflect draft documents prepared by plaintiff's attorney-lobbyists and sent to ABAC for review. "[T]he fact the document is sent to a third party ordinarily removes the cloak of confidentiality necessary for protection under the attorney-client privilege." U.S. Postal Serv., 852 F. Supp. at 162 (citing P. & B. Marina, 136 F.R.D. at 56). Drafts of documents "may be considered privileged if they were prepared with the assistance of an attorney for the purpose of obtaining legal

4

advice and/or contain information a client considered but decided not to include in the final version." U.S. Postal Serv., 852 F. Supp. at 163 (citation omitted); United States v. New York Metro. Transp. Auth., No. CV-2004-4237(SLT)(MDG), 2006 WL 3833120, at *1 (E.D.N.Y. Dec. 29, 2006) ("Draft documents ultimately sent to third parties retain their privilege if they were prepared for the purpose of obtaining legal advice and/or contain information a client considered but decided not to include in the final version.") (citation and internal quotations omitted).

Document 3 (WFP0005) is a draft letter to Senator Joseph J. Cisco, Jr., which pursuant to plaintiffs' privilege log was prepared by Attorney Parese for review by his client. There is no transmittal email from Attorney Parese attaching the draft letter in plaintiffs' submissions. Documents 4 (WFP0006) and 6 (WFP0008)[1] are drafts of testimony to be given by Attorney Neigher to the Insurance and Real Estate Committee, which pursuant to plaintiffs' privilege log was provided to Attorney Neigher's client for review. These drafts do not contain sufficient information to make a determination whether confidential communications were eliminated from the final document. Plaintiffs have the burden on the issue and have made

---

[1] Document 6 is a letter from Alan Neigher to Ken Przbysz, attaching a draft of Attorney Neigher's proposed testimony. Mike London, Tom Bivona, Bill Denya, Attorney Ronald Aranoff, and Attorney David Slossberg are also copied on the email. There is no legal advice requested, explicitly or implicitly, in the cover letter. Indeed, "the mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged." U.S. Postal Serv., 852 F. Supp. at 160 (compiling cases).

no such showing. Moreover, there is no indication that these drafts were prepared for the purpose of obtaining legal advice. Since plaintiffs have not met their burden of establishing the privilege for these drafts, documents 3, 4 and 6 must be produced.  See ECDC Envtl. v. New York Gen. Ins. Co., No. 96CIV.6033(BSJ)(HBP) 1998 WL 614478, at *10-11 (S.D.N.Y. June 4, 1998) (overruling assertion of attorney-client privilege for draft documents where "no client confidences are apparent from the documents themselves, and plaintiff has submitted no evidentiary material suggesting the presence of confidential client information that was ultimately maintained in confidence."); cf. Valente v. Lincoln Nat. Corp., No. 3:09cv693 (MRK), 2010 WL 3522495, at *4 (D. Conn. Sept. 2, 2010) (finding draft of document privileged where it "was sent to counsel with an implicit request to provide feedback and comments about the draft.").

    Document 5 (WFP0007) is a facsimile transmittal from Attorney Parese to ABAC, care of Tom Bivona, attaching Attorney Parese's proposed revisions to pending legislation.  The Court finds that this draft, unlike those referenced above, is protected by the attorney-client privilege because it reflects not only proposed revisions, but also Attorney Parese's confidential legal analysis of, and advice regarding, the pending legislation.

**B.   Challenged Documents from Third Party Gara & Markowski, LLC's Privilege Log**

**1.   Documents 7, 8 and 16**

Documents 7 (G&M-000101-102), 8 (G&M-00175-176) and 16 (G&MWFP-6) are emails from lobbyist-attorney John Parese to ABAC members. The Court finds that these documents are not protected by the attorney-client privilege as they do not provide analysis or interpretation of legislation, and are more in the nature of general lobbying activity updates. Plaintiffs shall provide defendants with un-redacted copies of documents 7 and 8, and a copy of document 16.

**2.   Documents 9, 12, 14**

The redactions on document 9 (G&M-0186-190) are protected by the attorney-client privilege because they reflect analysis and interpretation of pending legislation by Attorney Parese (G&M-0186), and also discussion of such analysis by Attorney Markowski (G&M-0188). The redactions on document 12 (G&M0357-389), and the entirety of document 14 (G&MWFP-4) are likewise protected because they reflect confidential requests for legal advice, and/or the attorney-lobbyist providing confidential legal advice, including the interpretation or analysis of legislation.

**3.   Documents 10, 11, 13, 15, and 17**

Documents 10 (G&M-0311-315) and 11 (G&M-0317-21) redact a draft letter to Commissioner Tom B. Leonardi of the Connecticut Department of Insurance. Pursuant to plaintiffs' privilege log,

7

the draft letter reflects revisions made by Attorney Parese for review by the client. "A draft is not privileged simply because it is prepared by an attorney." ECDC Envtl., 1998 WL 614478, at *10 (citation omitted).  Here, again, no client confidences are apparent from the redacted documents, and plaintiffs have submitted no evidentiary material suggesting the presence of confidential client information that was ultimately maintained in confidence.  Moreover, there is no indication that these drafts were prepared for the purpose of obtaining legal advice.  Since plaintiffs have not met their burden of establishing the privilege for these drafts, un-redacted versions of documents 10 and 11 must be produced.

Document 13 (G&MWFP-3) is an email from Attorney Parese to ABAC members, attaching draft letters to Senator Joseph J. Crisco, and State Representatives Anthony J. D'Amelio and Steve Fontana.  Document 15 (G&MWFP-5) is an email from Attorney Parese to his client, attaching a draft letter to Commissioner Thomas R. Sullivan of the Connecticut Department of Insurance.  Document 17 (G&MWFP-7) is also an email from Attorney Parese to ABAC members, attaching a draft letter to Governor M. Jody Rell.  The Court disagrees that the transmittal emails contain legal advice.  Moreover, like many of the other drafts at issue, plaintiffs have failed to make a showing that these documents were either prepared for the purpose of obtaining legal advice and/or contain information a client considered but decided not to include in the final version.  Accordingly, plaintiffs have

8

failed to demonstrate that documents 13, 15, and 17 are protected by the attorney-client privilege, and copies of these documents must be produced to defendants.

### III. Conclusion

Based on the foregoing, the Court overrules in part and sustains in part the assertions of the attorney-client privilege. Plaintiffs shall produce copies of the unprotected documents within fourteen (14) days of this order.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 19th day of February, 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE