UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| A&R BODY SPECIALTY AND : | |
| COLLISION WORKS, INC., : | |
| FAMILY GARAGE, INC. and : | |
| THE AUTO BODY ASSOCIATION : | |
| OF CONNECTICUT on Behalf : | |
| of Themselves and all : | |
| Others Similarly Situated, : | |
| : | |
| : | |
| v. : | CIV. NO. 3:07CV929 (WWE) |
| : | |
| PROGRESSIVE CASUALTY : | |
| INSURANCE COMPANY and : | |
| PROGRESSIVE DIRECT INSURANCE : | |
| COMPANY. : | |

DISCOVERY RULING

Defendants, Progressive Casualty Insurance Company and Progressive Direct Insurance Company, submitted a letter brief dated January 27, 2014, seeking to compel the production of documents responsive to a subpoena issued to Family Garage's longtime IT consultant, J.P. Lacasse.[1]  Mr. Lacasse and plaintiffs, A&R Body Specialty and Collision Works, Inc., Family Garage, Inc. and the Auto Body Association of Connecticut, on behalf of themselves and all others similarly situated, responded via letter brief dated February 19, 2014.  The Court construes defendants' January 27, 2014 letter brief as a motion to compel.  For the reasons articulated below, the Court will GRANT IN PART AND DENY IN PART defendants' motion to compel.

---

[1] On January 15, 2014, Magistrate Judge Fitzsimmons held a telephone conference to address various discovery disputes, including, inter alia, plaintiffs' refusal to produce documents responsive to the subpoena duces tecum issued to Mr. Lacasse. [Doc. #403].  After hearing argument, Judge Fitzsimmons ordered the production of Mr. Lacasse's invoices and requested further briefing on the remaining documents sought. [Id.].

1

I.  **BACKGROUND**

This action is brought by plaintiffs, A&R Body Specialty, Family Garage and the Auto Body Association of Connecticut, on behalf of themselves and all other licensed auto body repairers in the State of Connecticut who have performed repairs during the class period for any person with automobile insurance from Progressive. Plaintiffs allege that defendants illegally suppressed labor rates paid to auto body repair shops and illegally steered their insured to a network of preferred body shops it controls under its direct repair program. [Doc. #172].

The current dispute arises from defendants' concern that plaintiff Family Garage has failed to preserve documents and electronically stored information related to this litigation.[2] In connection therewith, on October 23, 2013, defendants deposed Family Garage's IT consultant, J.P. Lacasse. Following the receipt and review of Mr. Lacasse's deposition transcript, defendants issued a subpoena <u>duces</u> <u>tecum</u> requesting him to produce documents responsive to nine (9) requests. Plaintiffs and Mr. Lacasse timely objected to the subpoena.[3]

---

[2] The alleged spoliation is now the subject of defendants' pending motion for sanctions. [Doc. #300].

[3] Plaintiffs and Mr. Lacasse objected to each of the document requests as follows:

> Plaintiffs and Mr. Lacasse object to this request on the following grounds: (1) as vague, ambiguous, and overly broad in that it seeks the production of documents that are neither relevant to the claims or defenses of any party, and is not reasonably calculated to lead to the discovery of admissible evidence; (2) untimely and harassing as Mr. Lacasse has already complied with Defendants' subpoena by appearing at a deposition and giving competent testimony concerning this subject matter; (3) as unduly burdensome in that the burden to the third party, Mr. Lacasse, of locating and producing the requested documents greatly outweighs the likelihood of producing any relevant and/or admissible evidence; and (4) as overly broad in that it seeks the production of documents relating to the business relationships of a third party that have no bearing on any fact in dispute in this lawsuit.

[Def. Jan. 27, 2014 Ltr., Ex. B].

2

**II.     Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery.  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). "Relevance" under Rule 26(b)(1) "has been broadly defined to include 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any issue that is or may be in the case.'"  Arroyo v. Dep't of Pub. Safety, Civ. No. 3:11CV268(WWE), 2012 WL 3113139, at *1 (D. Conn. July 31, 2012) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)); see also Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., No. 09 Civ. 3701 (JPO)(JCF), 2013 WL 6628963, at *1 (S.D.N.Y. Dec. 16, 2013)(compiling cases) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept.").

"The burden of demonstrating relevance is on the party seeking discovery." Fort Worth Employees' Retirement Fund, 2013 WL 6628963, at *1.  However, once relevance has been shown, "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). "Even if the sought-after documents are relevant, the court must limit discovery if the request is 'unreasonably cumulative or duplicative,' the requesting party has had 'ample opportunity to

obtain the information by discovery,' or the 'burden or expense of the proposed discovery outweighs its likely benefit,' considering the needs of the case and the importance of the documents.'" Fort Worth Employees' Retirement Fund, 2013 WL 6628963, at *2 (quoting Fed. R. Civ. P. 26(b)(c)(2)).

### III. Discussion[4]

A. Request No. 1

With respect to request number 1, defendants maintain their request for copies of contracts between Family Garage and Mr. Lacasse and/or his business. Defendants proffer that these documents are relevant "because they identify the scope of Mr. LaCasse's (sic) duties as Family Garage's IT consultant." [Def. Jan. 27, 2014 Ltr., at 3]. Assuming, without deciding that the contracts are relevant, the Court nevertheless finds that request number 1, as limited by defendants, is unreasonably duplicative of Mr. Lacasse's sworn deposition testimony, which details the scope of his duties and services provided to Family Garage. [See, e.g., Lacasse Depo. Tr., Oct. 23, 2013 ("Lacasse Depo. Tr."), at 31:1-8; 37:5-13; 38:14-17; 45:16-46:3; 63:13-20; 65:2-23; 73:25-74:9; 74:13-16; 84:20-85:23; 108:22-24; 109:12-16; 114:16-25; 124:20-125:25; 127:20-128:9]. The request is moreover "unreasonably duplicative" in light of Mr. Lacasse's sworn deposition testimony that he did not enter into any contracts with Family Garage. [Id. at 43:22-25]. Therefore, the Court DENIES defendants' request to compel copies of contracts between Family Garage and Mr. Lacasse.

---

[4] Defendants agree to withdraw requests 2, 5, 6, and 9 in their entirety, and request 1 in part. [Def. Jan. 27, 2014 Ltr., at 3 n. 9].

B.  Request Nos. 3 and 4

Request numbers 3 and 4 seek Mr. Lacasse's emails and notes relating to Family Garage. Defendants proffer that these documents are relevant because they will demonstrate who knew about the spoliation, when the spoliation occurred, and who at Family Garage communicated with Mr. Lacasse about the same.  Plaintiffs respond that, "Mr. Lacasse has reviewed his saved emails and the only communications he has with Family Garage are his emails conveying his invoices for services rendered.  Plaintiffs have already produced Mr. Lacasse's invoices – which contain his billing notes. These are the only notes he maintains concerning services for Family Garage." [Pl. Feb. 19, 2014 Ltr., at 2].

The Court finds that given the "extremely broad concept" of relevance, the information sought is reasonably calculated to lead to the discovery of admissible evidence. Additionally, Mr. Lacasse will not be unduly burdened by producing the documents sought in light of the representations that he has already reviewed his saved emails and that his only email communications with Family Garage are those transmitting his invoices for services rendered. Therefore, the Court GRANTS defendants' motion to compel as to request numbers 3 and 4. Mr. Lacasse shall produce documents responsive to these requests, to the extent they exist, within twenty (20) days of this ruling (including the spreadsheet referenced in Mr. Lacasse's deposition testimony).  If no such documents exist and/or have already been provided to defendants by way of the billing invoices, plaintiffs' counsel shall state the same in writing.

C.  Request No. 7

Defendants next seek the production of contracts between Mr. Lacasse and any subcontractors relating to Family Garage.  Defendants proffer that, "[t]hese documents are relevant because, to the extent Mr. LaCasse (sic) does not possess documents or tangible things

responsive to the Subpoena, subcontractors retained by Mr. LaCasse (sic) could possess these items. This information will allow Defendants to determine the scope of any subcontractors' duties and allow Defendants to decide whether to pursue these documents." [Defs. Jan. 27, 2014 Ltr., at 3]. Plaintiffs respond that, "[t]his request is not reasonably calculated to lead to the discovery of admissible evidence, imposes an unnecessary burden on the third party Mr. Lacasse, and in fact, appears calculated to lead to further harassing and irrelevant discovery from additional third parties that lack any knowledge of the issues in dispute in this litigation." [Pls. Feb. 19, 2014 Ltr., at 2].

Again, assuming without deciding that the contracts sought are relevant, defendants had ample opportunity to obtain the information sought (i.e., "the scope of any subcontractors' duties") at Mr. Lacasse's deposition. Indeed, Mr. Lacasse testified about the role of one subcontractor, Jeff Coffin, and his involvement in the 2010 and 2011 hard drive failures at Family Garage. [Lacasse Depo. Tr., at 143:22-144:11]. Moreover, to the extent that these contracts may contain any sensitive business information, Mr. Lacasse's deposition provided a much less intrusive opportunity for defendants to acquire the minimally probative information sought. Therefore, the Court DENIES defendants motion to compel as to request number 7.

D. <u>Request No. 8</u>

Finally, defendants seek the production of communications between Mr. Lacasse and CCC relating to Family Garage. Defendants proffer these documents' relevancy on the grounds that Mr. Lacasse and Family Garage employee, Kevin Rivera, both testified that on two separate occasions Family Garage lost CCC estimating data and these documents will shed light on this issue. Defendants further point to Mr. Lacasse's deposition testimony that he contacted CCC to discuss the computer failure that occurred in 2011. Plaintiffs respond that, "To the best

knowledge of the third party and Plaintiffs, all communication with CCC was done over the phone." [Pl. Feb. 19, 2014 Ltr., at 2]. As plaintiffs also note, this is consistent with Mr. Lacasse's sworn deposition testimony in which he refers to his telephone call with CCC tech support. [Lacasse Depo. Tr., 97:17-100:1-14].

Again, in light of the "extremely broad concept" of relevance, the information sought is reasonably calculated to lead to the discovery of admissible evidence. The Court moreover finds that Mr. Lacasse will not be unduly burdened in responding to this request. Therefore, the Court GRANTS defendants' motion to compel as to request number 8. Mr. Lacasse shall produce documents responsive to this request, to the extent they exist, within twenty (20) days of this ruling. If no such documents exist, plaintiffs' counsel shall state the same in writing.

### IV.   Conclusion

For the reasons stated, defendants' motion to compel is GRANTED IN PART AND DENIED IN PART.

The parties' letters dated January 27 and February 19, 2014 will be docketed by the Clerk of Court.

SO ORDERED at Bridgeport this 13th day of March, 2014.

                                                       /s/
                                      WARREN W. EGINTON
                                      SENIOR U.S. DISTRICT JUDGE