```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


A&R BODY SPECIALTY AND              :
COLLISION WORKS, INC.,              :
FAMILY GARAGE, INC. and             :
THE AUTO BODY ASSOCIATION           :
OF CONNECTICUT on Behalf            :
of Themselves and all               :
Others Similarly Situated,          :
                                    :
                                    :
v.                                  :     CIV. NO. 3:07CV929 (WWE)
                                    :
PROGRESSIVE CASUALTY                :
INSURANCE COMPANY and               :
PROGRESSIVE DIRECT INSURANCE        :
COMPANY.                            :
```

## DISCOVERY RULING

On June 2, 2014, the Court held an in-person discovery and scheduling conference at the request of the parties. Counsel for plaintiffs, A&R Body Specialty and Collision Works, Inc., Family Garage, Inc. and the Auto Body Association of Connecticut, on behalf of themselves and all others similarly situated, and counsel for defendants, Progressive Casualty Insurance Company and Progressive Direct Insurance Company, participated. On June 20, 2014, the Court issued a discovery ruling memorializing agreements made at the conference, and ruling on various discovery issues. [Doc. #463]. The Court deferred ruling on several issues, pending the receipt of additional information. The Court received the requested information via letter briefs dated June 25, June 30, July 7, and July 21, 2014. Familiarity with the procedural and factual background of this matter is

1

presumed, and will be recited only as necessary in the context of the rulings made herein.

1. **Deposition of Robert Ember**

Defendants seek to depose Robert Ember, a fifty percent owner and president of Family Garage. Plaintiffs argued at the discovery conference that this deposition would be duplicative of Thornton Scott's testimony. At the request of the Court, defendants submitted a letter brief dated July 7, 2014 outlining the testimony sought from Mr. Ember[1] and explaining how this testimony is not duplicative of that already received. In response, Plaintiffs submitted a letter brief dated July 21, 2014, explaining how this testimony is duplicative of that previously taken from seven Family Garage witnesses.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information

---

[1] Defendants seek to question Mr. Ember on the following topics: (1) decisions affecting Family Garage's profitability, including Mr. Ember's loan balance and transactions on Family Garage's QuickBooks; (2) rent payments; (3) certain 30(b)(6) deposition topics that Mr. Scott was unable to answer; (4) Family Garage's towing business; (5) Mr. Ember's role in the operation of Family Garage; (6) allegations in the Second Amended Complaint; (7) labor rates and discussions with defendants about labor rates; (8) steering; and (9) Family Garage's posted labor rate.

that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988). A court must limit the frequency or extent of discovery otherwise allowed if "the discovery sought is unreasonably cumulative or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

  The Court has carefully reviewed the deposition testimony submitted by defendants, along with the parties' respective arguments. At this stage of the litigation, and in light of the seven previously deposed Family Garage witnesses, on the current record, the Court is not inclined to permit Mr. Ember's deposition. As noted by plaintiffs, defendants have had ample opportunity to seek much of the information sought and have been permitted further opportunity to depose Thornton Scott, Family Garage's 30(b)(6) witness, who may be able to clarify prior testimony and/or provide information on the topics for which defendants seek to depose Mr. Ember. Nevertheless, the Court is cognizant that Mr. Ember may be uniquely situated to offer certain limited information. In that regard, the Court will

permit defendants to serve interrogatories on Family Garage encompassing the following topics: (1) Mr. Ember's loan balance, including explanations of the lump sum entries which reduce portions of his loan; (2) Mr. Ember's general and day-to-day duties at Family garage; (3) who establishes the rent paid to Family Garage for the properties owned by Mr. Ember; and (4) who establishes Family Garage's labor rate. If defendants believe Family Garage's answers and Mr. Scott's continued deposition testimony are deficient, then defendants may file a motion to compel Mr. Ember's deposition. Accordingly, on the current record, the Court denies defendants' request to depose Mr. Ember without prejudice to re-filing.

2. **Family Garage's Consent to Release E-Mail Communications**

Defendants request Family Garage's consent to release emails stored with certain third party e-mail vendors, including Earthlink and AT&T. Specifically, defendants seek to determine whether Earthlink and AT&T can produce from their servers copies of emails deleted from Family Garage's computers. Plaintiffs expressed concern that providing this consent will result in defendants fishing through personal emails.

At the request of the Court, plaintiffs' counsel contacted Family Garage's email vendors, Earthlink and AT&T/Yahoo!, to ascertain how long these vendors maintain information on their servers and whether deleted emails sought may be recovered. By letter dated June 25, 2014, plaintiffs reported that, "Both Earthlink and AT&T/Yahoo! stated that when an Earthlink.net or

ATT.net user deletes an email from Outlook, the email simultaneously is deleted from the server and cannot be recovered." Accordingly, in light of this information, defendants' request for consent is denied as moot.

**3. Subpoena of Robert Kwait**

Defendants subpoenaed Robert Kwait, who is allegedly Family Garage's paint supplier. Defendants seek information concerning the nature of Family Garage's payments to Mr. Kwait. Defendants seek this information because public searches regarding Mr. Kwait have been futile. At the request of the Court, plaintiffs reported by letter dated June 25, 2014 that, "Robert Kwait is a wholesaler from whom it has been buying supplies in bulk for many years, such as masking paper, tape and fasteners for use in auto painting and other supplies such as antifreeze and oil." Plaintiffs stand on their objection to the document subpoena because the subpoena only serves to harass Mr. Kwait, a third party who has no relevant information. In the June 20 ruling, the Court directed that if any issues remained following plaintiffs' report back, that the parties contact the Court for a telephone conference and/or raise any remaining issues in a letter brief. The Court has not received notice that any issues remain concerning the Kwait subpoena. Within ten (10) days of this ruling, defendants will report to the Court whether it has withdrawn the Kwait subpoena in light of the information provided by Plaintiffs' June 25, 2014 correspondence.

4. **Plaintiffs' Request for Defendants to Produce Merged Mitchell and Progressive Data**

    On April 2, 2013, the Court held a telephone status conference with the parties concerning the extraction of estimating data from Progressive's third-party provider, Mitchell. [Doc. #283]. The Court ordered that the parties split the costs of extraction. [Id.]. Mitchell ultimately produced 157 "columns" of data, only some of which contained body shop-specific information. Progressive then produced a second set of data with more body shop-specific information. After comparing the two sets of data, plaintiffs found that Progressive used different field identifiers than Mitchell. Plaintiffs seek a single set of data that merges that produced by Mitchell and Progressive. At the June 2, 2014 discovery conference, plaintiffs asserted that it would be too labor intensive for them to merge the data, and would further expose plaintiffs to potential challenges regarding the data's integrity. Plaintiffs contend that Progressive's shop-specific data is germane to the issue and analysis of steering. Plaintiffs further argue that they need "pristine" data for purposes of expert damage analysis. Defendants stated that they have no way to merge the data, and are uncomfortable manipulating a third-party's dataset. In the June 20 ruling, the Court deferred ruling on this request pending the receipt of additional information from the parties. Defendants submitted a letter brief dated July 7, 2014, to which plaintiffs responded on July 21, 2014.

Defendants raise three arguments in opposition to plaintiffs' request: (1) plaintiffs' request is contrary to the Federal Rules of Civil Procedure; (2) merging the two data sets would be unduly burdensome and expensive; and (3) merging the data sets would be futile, as it would not create "the certifiable dataset" plaintiffs seek. In addition to responding to each of these points, plaintiffs assert that they have yet to receive a "complete and accurate compilation of Progressive's estimating data," and that "[u]nless the deficiencies are cured, the jury will be precluded from considering the full merits of Plaintiffs' case, which would result in considerable prejudice."

Federal Rule of Civil Procedure 34 generally permits the discovery of "documents or electronically stored information including […] data or data compilations - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). As to electronically stored information ("ESI"), Rule 34 mandates that parties produce their ESI in a form in which it is ordinarily maintained or in a reasonably usable form. Fed R. Civ. P. 34(b)(2)(E)(ii). A party is not required to "produce the same electronically stored information in more than one form." Fed R. Civ. P. 34(b)(2)(E)(iii). Rule 34 only requires a party to produce documents that exist at the time of the request; a party cannot be compelled to create a document for its production. See, e.g., Harris v. Advance Am. Cash Advance Ctrs., Inc., 288

7

F.R.D. 170, 172 (S.D. Ohio 2012) (to the extent plaintiff asked defendant to create "list" of specified information, request was denied because party is not required to create documents in response to Rule 34 requests); Alexander v. Federal Bureau of Investigation, 194 F.R.D. 305, 310 (D. D.C. 2000) (denying plaintiff's request for the FBI to create lists of persons whose FBI reports were requested by White House, when list did not exist); 7 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE §30.12[2] (3d ed. 2014) ("A party cannot be compelled to create, or cause to be prepared, new documents solely for their production. Rule 34 only requires a party to produce documents that are already in existence.").

 Defendants argue that Rule 34 does not require the creation of a new data set by merging the data that has already been produced. Defendants rely on a long string of case law supporting the position that Rule 34 only requires the production of documents already in existence. Plaintiffs argue in opposition that defendants' argument "blurs the distinction between documents and data evidence in Rule 34. When Progressive and Mitchell compiled some of the responsive data for production, they neither altered the nature of the data nor 'created' documentary evidence."

 The Court disagrees with plaintiffs on two accounts. First, although all documents are not necessarily data, under Rule 34, all data is encompassed within the definition of "documents." Accordingly, to create the data compilation requested would

8

inherently require the creation of a "document" as that term is construed under the rules. See, e.g., Advisory Committee's 1970 Notes to Subdivision (a) of Rule 34 ("The inclusion of 'documents' is revised to accord with changing technology. It makes clear that Rule 34 applies to electronics data compilation from which information can be obtained only with the use of detection devices[…]"); Advisory Committee's 2006 Notes to Subdivision (a) of Rule 34 ("[A] Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and 'documents.'"); id. ("References to 'documents' appear in discovery rules that are not amended […] These references should be interpreted to include electronically stored information as circumstances warrant."); Northern Crossarm Co. Inc. v. Chemical Sepcialties, Inc., No. 03-C-415-C, 2004 WL 635606, at *1 (W.D. Wisc. March 3, 2004) (emphasis in original) ("Rule 34(a) specifies that electronic data falls within the definition of 'documents,' and requires that the respondent must, if necessary, translate that information into reasonably useable form, but this does not require the respondent to present its evidence in the format in which the respondent stores it. To the contrary, this provision of the rule ordinarily is used to justify a party's motion to compel its opponent to disclose its electronic information in a different format, such as providing hard copies of its e-mail,

with the opponent arguing that a CD is enough. But regardless of the direction in which the dispute runs, neither the letter nor the spirit of Rule 34 mandates that a party is entitled to production in its <u>preferred</u> format."). As stated above, Rule 34 cannot be used to compel a party to create a "document" solely for its production. Second, by virtue of plaintiffs' request for the creation of a merged dataset, they are seeking much more than the translation of data into a useable form. Indeed, they are ostensibly seeking the creation of an entirely new data set – one that is not maintained in the form requested, and one that under the rules, defendants are not obligated to create.

Finally, Rule 34 explicitly states that a producing party is not required to produce its ESI in more than one form. Fed. R. Civ. P. 34(b)(2)(E)(iii). Defendants have already produced the data sought. Although the Court is sympathetic to plaintiffs' position, the harsh reality is that neither the rules nor the case law reviewed by the Court supports plaintiffs' position. Indeed, plaintiffs have failed to cite any case law supporting the relief requested. Accordingly, the Court will not compel defendants to reproduce the data in plaintiffs' preferred format, and the Court DENIES plaintiffs' request for a merged dataset.

5. **A&R and Family Garage's Responses and Objections to Defendants' Third Set of Interrogatories**

Defendants seek to compel A&R and Family Garage's responses to defendants' third set of interrogatories, which request the

names of Progressive's insureds who were allegedly steered away from the plaintiff body shops. At the Court's request, by letter dated June 30, 2014, plaintiffs provided a copy of their objections to the subject interrogatory, and listed by bates number the documents produced to date that are responsive to the interrogatory:

> Interrogatory No. 1: Please identify the names and addresses of every customer that support the Named Plaintiffs' contention that Defendants tortuously interfered with the Named Plaintiffs' contention that Defendants tortuously interfered with the Named Plaintiffs' existing and prospective business relations (e.g. paragraphs 96 through 98 of Plaintiffs' Second Amended Complaint).
>
> OBJECTION: Plaintiffs object to this Interrogatory on the grounds that (1) this Interrogatory is vague and ambiguous as it fails to define the time period for the information sought[2]; (2) it seeks the production of information that would logically be in the possession, custody and control of Defendants as Progressive would know the names of the insureds who have been steered by its employees to its Network Shops; (3) to the extent that insureds were successfully steered, Plaintiffs would likely not be in possession of the information sought in this Interrogatory; (4) it seeks the production of information that is protected by the attorney-client privilege and/or the work-product doctrine; and (5) to the extent that it is not privileged, this Interrogatory seeks the production of information that has already been provided to Defendants by way of documents produced from the Plaintiffs' files.

The Court SUSTAINS plaintiffs' objections on the current record and in light of the representation that the documents identified in the June 30, 2014 letter provide the information sought. Within ten (10) days of this ruling, plaintiffs will provided an amended response to this interrogatory, which includes the bates

---

[2] Defendants clarified at the June 4, 2014 discovery conference that it seeks information only for the class period.

11

numbers of the responsive documents identified in the June 30, 2014 letter.  <u>See</u> Fed. R. Civ. P. 33(d); <u>see also</u> <u>Sadofsky v. Fiesta Products, LLC</u>, 252 F.R.D. 143, 148 (E.D.N.Y. 2008) (quoting Moore's Federal Practice § 33.105) (requesting party "must make a prima facie showing that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully contained in the documents or because it is too difficult to extract.").

**6. <u>Extension of Date for Supplementation of Discovery</u>**

Pending before the Court is plaintiffs' motion to compel supplementation of document production. [Doc. #434]. Plaintiffs seek a wholesale supplementation of defendants' document production. Defendants oppose plaintiffs' motion on several bases, including on burden grounds. [Doc. #455]. In the June 20 ruling, the Court ordered that counsel meet and confer for the purposes of discussing a more focused set of updated document requests. The parties were directed to contact the Court for a telephone conference or supplement their briefing if issues remained following the meet and confer. Having yet to hear anything further on this issue, within ten (10) days of this ruling, the parties will provide a joint status report regarding the meet and confer, as well as any additional information relevant to the pending motion to compel.

7.  **Defendants' Third Notice to Produce Documents, ESI and Tangible Things to Plaintiff Family Garage, Inc. (inspection of baseball bats and crowbar)**

By letter dated July 7, 2014, defendants withdraw their request for a second inspection of the bats and crowbar identified during defendants' inspection of Family Garage. Defendants, however, reserve their right to use this evidence at trial and request that plaintiffs preserve this evidence in its current state. As such, plaintiffs shall ensure that this evidence is preserved in its current state. See Quinby v. Westlb AG, 245 F.R.D. 94, 103 (S.D.N.Y. 2006) (quoting Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001)) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation[…]").

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 9th day of September 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE