```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


A&R BODY SPECIALTY AND           :
COLLISION WORKS, INC.,           :
FAMILY GARAGE, INC. and          :
THE AUTO BODY ASSOCIATION        :
OF CONNECTICUT on Behalf         :
of Themselves and all            :
Others Similarly Situated,       :
                                 :
                                 :
v.                               :   CIV. NO. 3:07CV929 (WWE)
                                 :
PROGRESSIVE CASUALTY             :
INSURANCE COMPANY and            :
PROGRESSIVE DIRECT INSURANCE     :
COMPANY.                         :
                                 :
                                 :
```

### DISCOVERY RULING RE: KWAIT SUBPOENA

This discovery ruling pertains to defendants' subpoena to Robert Kwait, who is allegedly Family Garage's paint supplier. On September 9, 2014, the Court issued a discovery ruling, which ordered defendants to report whether they had withdrawn a subpoena issued to Robert Kwait in light of certain information provided by plaintiffs in a June 25, 2014 letter. [Doc. #472]. By letter dated September 19, 2014, defendants requested that the Court compel (1) Mr. Kwait's compliance with the subpoena and (2) the production of the name and address of Mr. Kwait's company.

Following a June 2, 2014, discovery conference where this issue was first raised, plaintiffs reported that, "Robert Kwait is a wholesaler from whom [Family Garage] has been buying supplies in bulk for many years, such as masking paper, tape and fasteners for use in auto painting and other supplies such as

1

antifreeze and oil." [Pl. Ltr. June 25, 2014]. Plaintiffs stand on their objection to the document subpoena because the subpoena only serves to harass Mr. Kwait, a third party who has no relevant information within the meaning of Fed. R. Civ. P. 26(b)(1).

Defendants' subpoena to Mr. Kwait seeks "invoices, receipts, contracts, payment information, tax documents and communications with Plaintiff Family Garage." [Def. Sept. 19, 2014 Ltr.]. Defendants claim this information is relevant because, "[a]s Family Garage's second largest paint supply vendor, the amounts paid to Mr. Kwait directly affect Family Garage's profitability and cash flow, which is not only relevant, but is central to claims in this litigation." [Id.]. Defendants make this argument based on a review of Family Garage's general ledger, which allegedly reflects hundreds of thousands of dollars' worth of payments to Mr. Kwait individually. This is in contrast to Family Garage's payments to other supply vendors, which are made payable to corporate entities.

The Court will not require Mr. Kwait to comply with the subpoena on the current record, given that the information sought, i.e., invoices, receipts, contracts, payment information, and communications with Family Garage, can be obtained from a more convenient source, namely Family Garage, a party to this action. See Fed. R. Civ. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local

rule if it determines that[] the discovery sought [] can be obtained from some other source that is more convenient[…]"); see also In re Candor Diamond Corp., 26 B.R. 847, 849 (S.D.N.Y. Bankr. 1983) (citations omitted) ("Restrictions on discovery may be broader where a non-party is the target of discovery to protect such third parties from unnecessary harassment, inconvenience, expense, or disclosure of confidential information."). Defendants have made no showing that they have attempted to obtain this information from Family Garage, and the Court is not inclined to involve yet another third party in this litigation on the record before it. As for Mr. Kwait's personal tax returns, there is no basis in the record to find that these are discoverable or that any possible relevant information contained therein is not otherwise readily obtainable. See, e.g., Gattengo v. PriceWaterhouseCoopers, Inc., 205 F.R.D. 70, 72 (D. Conn. 2001) (compiling cases) (tax returns are discoverable if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefore because the information contained therein is not otherwise readily obtainable."). Finally, to the extent defendants seek the name and address of Mr. Kwait's business, this is something defendants may ask of Mr. Scott at his deposition.

    Therefore, the Court DENIES on the current record defendants' request to compel (1) Mr. Kwait's compliance with the subpoena and (2) plaintiffs to provide the name and address of Mr. Kwait's company.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 22nd day of October 2014.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE